UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY CONNELL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No. 14-cv-02664-MEJ<br><br>**ORDER RE: MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 26 |

## BACKGROUND

Plaintiff and her attorney, Andrew Koenig, entered into a contingency fee agreement, in which they agreed to a 25% attorneys' fee for all benefits received by Plaintiff and her family pursuant to 42 U.S.C. § 406(b), less any fees received under the Equal Access to Justice Act (EAJA). Koenig Decl. ¶ 5, Dkt. No. 26; & Ex. C (Contingency Fee Agreement), Dkt. No. 26-3.

After Plaintiff filed her opening brief moving for summary judgment, the parties stipulated to voluntary remand for further administrative proceedings. *See* MSJ, Dkt. Nos. 17-20; Stip., Dkt. No. 21. On November 7, 2014, this Court reversed and remanded Ms. Connell's case to the Social Security Administration for further proceedings. *See* Order, Dkt. No. 22. The Court also granted Plaintiff an award of $8,000 for attorneys' fees under the EAJA. Fees Order, Dkt. No. 25. The U.S. Treasury intercepted the fees and applied a portion of the fees to a government debt owed by Plaintiff. Koenig Decl. ¶ 2. The U.S. Treasury issued a check to Plaintiff "c/o Andrew Koenig" in the amount of the remaining funds ($6,373.88), and mailed it to Koenig; Koenig forwarded it to Plaintiff for her signature. *Id.* & Ex. A (check), Dkt. No. 26-1. Plaintiff never received the check, and by the time the check was returned to Koenig, it was void. *Id.* To date, neither Plaintiff nor Koenig ever received any portion of the EAJA fees awarded by this Court. *Id.*

Upon remand, Plaintiff received a fully favorable decision on her claim for Title II and

Title XVI benefits. Koenig Decl. ¶ 3. The SSA withheld 25% ($11,173.75) of Plaintiff's back-due Title II benefits pending approval of attorneys' fees. *Id.* ¶ 4 & Ex. B (SSA Notice of Award), Dkt. No. 26-2.

Koenig has more than 25 years of experience as an attorney; he currently charges $350 per hour on non-contingency matters. *Id.* ¶ 6. He and his associate[1] expended 45.3 hours litigating Plaintiff's case, including conducting research, reviewing the 736-page administrative record (AR), drafting the motion for summary judgment and supporting documents, drafting settlement proposals, and communicating with Plaintiff and opposing counsel. *Id.* ¶¶ 7-9 (providing descriptive summary of hours expended); AR, Dkt. No. 16.

Koenig now moves for approval of $11,173.75 in attorneys' fees. Mot., Dkt. No. 26. Koenig gave Plaintiff notice of this Motion on December 11, 2017 (Mot. at 3 & 13 (Proof of Service)); Plaintiff has filed no opposition to the Motion (*see* Docket).[2]

## DISCUSSION

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) (rejecting primacy of lawful attorney-client fee agreements and reviewing reasonableness of requested fee instead). This Court thus may award a reasonable attorney fee not to exceed 25% of Plaintiff's past-due Title II benefits.

"Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the

---

[1] According to California Bar records, Gwen E. Jones had been an active member of the California bar for more than ten years when Plaintiff filed her case.

[2] The Government filed a response to the Motion in its role, which "'resemb[es] that of a trustee'" for Plaintiff. *See* Resp., Dkt. No. 27 (quoting *Gisbrecht*, 535 U.S. at 798 n.6). It takes no position on the reasonableness of Koenig's request but provides an analysis of the legal framework to be applied thereto.

2

character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808 (internal citations omitted); *see also Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (Supreme Court's "clear directive" in *Gisbrecht* requires district courts to "first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall.").

The contingency fee agreement requests 25% of Plaintiff's past-due benefits, and thus does not offend the statutory ceiling codified in Section 406(b). Koenig's representation of Plaintiff resulted in a stipulated remand for benefits shortly after he filed his opening summary judgment brief; it was thus effective and efficient. The 45 hours Koenig and Jones spent litigating the matter are not unreasonable in light of the length of the record and the time required to draft summary judgment motions and documents in support thereof. Finally, based on the number of hours expended, the requested attorneys' fees would represent an hourly rate of $247, well below Koenig's regular rate, and well in line with the fees charged by attorneys of Koenig's experience in Social Security cases under Section 406(b). *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003) (collecting cases where district courts have approved fees under Section 406(b) resulting in hourly rates between $188 and $694); *see also Rayford v. Berryhill*, 2017 WL 2351970, at *3 (N.D. Cal. May 31, 2017) (finding hourly rate of $741.53 not unreasonable in light of terms of contingency fee contract, prompt and effective representation by counsel, and risk associated with litigation in light of multiple prior administrative denials). There is no windfall for Koenig, and the undersigned finds no basis for reducing the requested fees.

Because neither Koenig nor Plaintiff received EAJA fees, there is nothing to deduct from the funds the SSA has withheld pending determination of attorneys' fees.

The Court accordingly GRANTS Koenig's Motion and awards fees in the amount of $11,173.75 pursuant to Section 406(b)(1). Should Koenig receive any portion of the EAJA fees in

the future, he promptly shall file a declaration in this matter stating the amount received and the date of receipt.

**IT IS SO ORDERED.**

Dated: February 12, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge